## Woodson Weaver v. John H. Linneman.

1. The rule that a plaintiff must prove facts ·which establish defendant's negligence as the proximate cause of the injury complained of, is not satisfied where, under the most favorable view that can be taken of the evidence, it goes no further than to establish a presumption of the facts to be proved.
2. And where in order to establish plaintiff's case proof is necessary which ·involves the commission of a heinous crime, it must be proof which carries conviction beyond a reasonable doubt.
3. Where a case has failed because of the unsatisfactory character of the proof offered, it is not helped by the discovery of new evidence of a merely cumulative character.

Hosea, J. .

Motion for new trial.

I have reviewed with care the testimony in this case, also the action on motion to· instruct a verdict. The suit is against ₒa druggist for negligence in selling "Rough on Rats" to a minor son of plaintiff, who, it is alleged, put the same in the breakfast coffee at home, whereby the father partook of it and was poisoned and suffered great pain and permanent injury. The testimony is entirely circumstantial and necessarily divides upon two converging lines, namely:

(1) The *corpus delicti*—that tending to show that the father was in fact poisoned by drinking coffee containing "rough on rats" and was thereby injured; and

(2) That tending to trace the poison in the coffee to the act of the son, and through him to the druggist who sold it.

On the first point the outline of testimony is that the father was taken sick immediately after partaking of the coffee; the physician diagnosed the symptoms as indicating some poisonous irritant; found a grayish sediment in the coffee-pot from which the coffee had been thrown out; and without further examination sent the father (and an older son in the same condition, who died), with the coffee-pot, to

the hospital, where the identity of the coffee-pot is completely lost.

Next, a coffee-pot, unidentified, is produced at a coroner's inquest upon the death of the older son, and a deposit therein is found by analysis to be composed largely of barium carbonate, but no trace of arsenic. Upon the assumption that arsenic had been present but dissolved and thrown out with the coffee, testimony of a hearsay character was sought to be introduced to show generally that "rough on rats" contained arsenic associated with barium carbonate. No testimony was offered to show that the composition of "Rough on Rats" was according to a standard formula, known in the dispensatory, nor to show that barium carbonate was not used alone or in other entirely different compounds. But, supposing the chain of evidence, according to the intention, ever so perfect, its highest possible result would be a *presumption* of the fact to be proved.

On the second point the outline of testimony starts with the admitted sale to the young son, who was ten to eleven years old. The father testifies that he *heard* this son in the kitchen during the preceding evening while the coffee-pot was there, containing coffee prepared for the next morning's breakfast; that he called to him and heard his answer. There is also testimony of a woman that after the poisoning she saw this son throw away a box; and that going to the place afterward she picked up a box-lid resembling a box-lid of "Rough on Rats," as exhibited to her at the trial, she being unable to road. She afterward put it back where she found it; and it was picked up by a policeman. Neither the policeman nor the box-lid were produced or accounted for, nor was there any proof of motive or ground of ill-will on the part of the boy.

The affidavit of newly-discovered evidence now filed states that a man saw the boy between eight and nine o'clock A. M. empty a coffee-pot out of a window in the side yard, which is cumulative.

But taking it all together, and giving all possible effect to this line of testimony, it also leads to a *presumption* of the other fact to be proved.

So that under the most favorable aspect possible, the case, as a whole, presents the proposition of a presumption based upon a presumption, which is fatal under established rules of law. *Manning* v. *Ins. Co.,* 100 U. S., 693; *Bank* v. *Stewart,* 114 U. S., 224; *Cunard Steamship Co.* v. *Kelley,* 126 Fed., 610.

But in point of fact, neither presumption can be sustained upon the testimony as given under familiar rules of evidence. In the previous consideration I cited the Ohio cases of *Rwy.* v. *Andrew,* 58 O. St., 429; *Rwy.* v. *Marsh,* 63 O. St., 250; *Rwy.* v. *Osborne,* 66 O. St., 48.

The Supreme Court of the United States has also dealt with the principles that govern here. Thus in *U. S.* v. *Ross* (92 U. S., 281), it is said:

"Not only must the fact from which the inference is drawn be established in evidence and not rest on the accuracy of a, reasoning process, but the inference to which it gives rise should, in the majority of cases, be strong and almost inevitable. * * * No inference of fact should be drawn from premises that are uncertain."

Shearman & Redfield on Negligence, par. 57, states the rule in these words:

"The rule is well established that the plaintiff must prove facts from which it may be fairly inferred that the defendant's negligence was the proximate cause of the injury. Mere surmise or conjecture on any of these points will not do" (see also, Starkie on Evidence, 80; 187 Penna St., 451; 126 Fed. (*supra*).

Under the application of these rules, the missing links in the chain of sequences will be apparent.

But, with respect to the complicity of the son, another principle is involved, to which counsel seemed to take exception in the argument. It is this—that in considering the effect to be given to circumstantial evidence involving a finding of turpitude against a party, the evidence must overcome the presumption of innocence. *Lyon* v. *Fleahman,* 34 O. St., 151.

More than this: where it involves the finding of the commission of a heinous crime the proof must go further and

be such as to carry conviction beyond a reasonable doubt. *Ins. Co.* v. *Pavor,* 16 O. St., 324; *Strader* v. *Mullane,* 17 O. St., 624.

The newly-discovered evidence is in its nature cumulative, and moreover it does not affect the objections stated nor could it change the result. *Laeffner* v. *State,* 10 O. St., 598; *Moore* v. *Coates,* 35 O. St., 177; 5 O., 375; 11 O., 147.

The motion for new trial must be denied.

*Kelley & Follett,* for the motion.

*E. M. Ballard,* contra.